Jonathan Ted Dutczak PRO SE
23240 88th Ave. S. Apt JJ204
Kent Wa. 98031
Phone:425.831.5508

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VENICE PI,LLC, ) | Civil Action No. 17-cv-990TSZ |
| Plaintiff ) | |
| Vs ) | |
| ) | |
| JONATHAN DUTCZAK; ) | |
| GARRETT COX; ) | |
| MARY ELLEN AVELAR; ) | Memorandum in Support of Motion to Dismiss |
| DOE 5; ) | |
| WILBUR MILLER; ) | |
| ROSLYN COY; ) | |
| LLANG SUN; ) | |
| FASIKA GETAHUN; and ) | |
| STACY FOSTER, ) | |
| Defendants. ) | |

_____Dated 09.18.2017

## FACTS AND REASONING

I, Jonathan Dutczak, am representing myself Pro Se at this time. I have lived at Rock Creek Landing Apartments in Kent Wa. the last four years of my life. I work at the Regional Justice Center with over 33 years in law enforcement as a jail guard. I have no history of civil offenses in this type of lawsuit. This Motion is to request the court to dismiss the Plaintiff's complaint (with prejudice) based on the following claims.

I do not believe the Plaintiff has sufficient reasons or grounds to bring a lawsuit against me. The Defendant's Internet Provider (IP) address is one basis of the Plaintiff's claims. Basically, based largely on this address, the Plaintiff believes I was involved in a bittorent swarm which reassembled fragments of a movie to produce an entire film. In reality only a snap shot of IP addresses in the torrent swarm was acquired and then listed as evidence (exhibit b). The Defendant's IP address only shows who pays the Comcast bill (myself) and not what may have occurred on one of the Dendant's devices (computers). The Defendant's computers have no trace of the production of the movie: "Once Upon a Time in Venice." which is the alleged movie infringed upon. This movie was not erased but rather never existed. Without better discovery (to include forensic examination of devices in defendant's apartment) an IP address is unreliable and seriously weak as a claim.

Note that I provided the Plaintiff with my name, address, email and phone number once I found out about this lawsuit via my Internet Service Provider (ISP) in an effort of cooperation to the Plaintiff. No subpoena was needed. I was ignored at that point (my email was not returned) possibly because of the scale or scope of this lawsuit and because it appears the Plaintiff does these types of lawsuits frequently and probably has a certain routine he follows.

Recognize that the Defendant has other means of watching movies at home and at work and has no need or history of illegal torrenting. Besides, the last time the Defendant saw Bruce Willis in a movie

was Unbreakable (2000). The Defendant's internet service in his apartment is only a computer connection without television service or sports (about $29 monthly). My phone has been a flip phone for the last four years (about $32 monthly).

I flatly deny being this alleged copyright infringer. Despite my usage of wireless internet I have returned to hard wiring my stereos (in a music room) and television set via computer. I believe this will make it much more difficult for neighbors or others to access my internet service. The most likely explanation for my IP address usage in this lawsuit is computer hacking or spoofing of that IP address. My unsecured or open wireless network is my defense in this matter. Two neighbors in the past have asked to use my internet service and were denied. I told Mohamed and Alex that they could be blamed for anything that I (or vice versa they) did on the internet and showed them how to get their bill reduced to about $29 monthly via Comcast and six month or yearly contracts. There is a host of illegal activities on the internet which I want no part of. For example, computers are hacked for email content, bank records, medical records, pursuing others for making threats as when a S.W.A.T. team showed up at the wrong house (Evansville, Indiana) based on an IP address, and so forth. I have no need to tie my phone to the internet so I will continue to play it "safer" by using a direct or hard wired line to each of my computers. Note that users and Comcast are not required by law nor expected to have passwords, usernames, and so forth per the user agreement on computer wifi or hardwire. Nor is Comcast obligated or expected to protect it's users against attacks from viruses, malware, spoofing, or anything else per user agreement. I cannot remember all of the various passwords I try to keep track of for services or websites such as my bank account online and teller machine access account, my gym locker and computer based workout machines, my computers at work, cell phone access and messaging accounts, Ebay account, my Lincoln Mutual annuity account, facebook (which was used one time; I am not a social media person in any sense), the internet, my own computers, audiogon and audio asylum music website accounts, Zillow real estate, craigslist, rent payment website and so forth. You get the point. During discovery additional forensics will weaken Plaintiff's case in their pursuit of entitled statutory relief. Note that passwords are easily hacked as we have seen time and time again and very difficult to manage, especially ones that change periodically. Hackers, social media reviews and programs specifically designed to infiltrate other's IP addresses make violations common place.

I may never know who else is using my IP address and controlling my computers. It should be noted that I have complained in the past with my ISP about it and subsequent internet speed at which point modems were changed, reset or modified. Plaintiff's claims of Bandwidth (speed) and a computer's ability to function is a product of modem speed and assigned ISP speed and not necessarily torrenting. The higher speeds generally cost more. One's ISP network of DSL, cable, or fiber change bandwidth speeds as well. The Operating System, ongoing bugs, information build up, resetting or reformatting a computer, the time of day, neighbor interference, dead zones, doing updates, your location, radio waves, microwaves, service drops, what websites you visit, and being on a business connection or private public user all affect the ability of a computer to function and bandwidth. Plaintiff's claim that alleged ongoing Defendant torrenting is a basis for the Defendant's computer speed or bandwidth is only one potential and rather small element as compared to the big picture and is untrue in this matter. Also, the age of the computer, operating system settings, the ISP, Random Access Memory, whether it is a MAC or Microsoft based and computer model, other people using the computer, other programs running in the background, the computer distance to the service source also contribute to a computers speed or bandwidth. I have only covered some of the contributing factors to bandwidth here. Reformatting, upgrading the OS and using a hardwire are generally a good ideas and improve speed . Programs such as CCleaner and Malwarebytes greatly increase a computer's ability to function by isolating bugs into quarantine or erasing tied up memory. Note that both of my computers were bought used on craigslist. This means illegal activity could have occurred on them which I did not initiate or am

to blame for. Forensics may clear this up on a timeline if so court ordered.

Regarding hacking probability there are approximately 480 apartments at my residence and 283 apartments at Chandler Bay which adjoin these apartments. We are so close together that I went to the wrong mailbox for about a week until management sent me to the correct JJ apartment mailboxes. Furthermore, other complexes such as Berkley Heights, Kentwood Apartments, Summerwalk Villa, Highland Green, Mosaic Hills, Phoenix Court, Royal Firs, The Platform, Dwell at Kent Station and more are within a mile or so of my residence as well as businesses and homes nearby. There is a lot of actual or potential for wifi piggy backing onto other's IP address and using other's internet for free (which also slows down a computer's speed). Some who believe that such activities occur more frequently to poor people also recognize that many residents are subsidized by Section 8 welfare here and are considered poor. This drives the need to hijack free internet. Also, many users here have language barriers and do not know how to protect their computers. I have seen residents who rely mostly on the smart phones for computer access. Overall, Comcast's near monopoly of this location and the location's abundance of Comcast subscriber's (which are wifi operating) overwhelmingly illustrates a neighbor's or visitors ability to hijack my IP address. However, it is also likely that the snapshot or entrapped computer blip is an errant data point and hardly a justifiable basis for a lawsuit. More upfront evidence is needed since IP addresses are unreliable.

I have no motive regarding copyright infringement. Torrenting is old technology that existed before most webites for watching movies on the internet became available to users, before Youtube was available for full length movies, and before services such as Netflix were available. I think that Netflix's $8 a month deal is great and should unlimited monthly theaters become available to the public (for a small fee) that is even better. Regardless, my habits are such that I do not see many movies on the computer at home. I am an audiophile into music for my entertainment needs.

Note that there are many websites which offer legal torrenting downloads. These sites would be undifferentiated from copyright protected sites offering illegal downloads regarding user habits. This point to diminish Plaintiff's claims might be resolved given adequate research prior to drawing conclusions or making false claims.

I question the legal adequacy of Plaintiff's complaint because I am grouped (joindered) with eight others that I have very little in common with. Other Defendants share this same experience and the undue negative effects of such considerations. Grouping innocent and possibly guilty parties and even others that are innocent but simply give up and pay because they cannot afford the legal costs of defending themselves or cannot risk damage to their reputation, computer accounts, privacy invasions via forensics or careers and credit ratings is grossly unfair and should be illegal or denied to Plaintiff. May the court recognize that IP address "trolling" (as it is referred to) has no place in our federal courts. The guilt or innocence of the Defendants matters but this type of lawsuit is like a fishing expedition only concerned with gaining monetary restitution. There is court system abuse here given the Plaintiff's tactics of joindering, intimidation, and sole pursuit of monetary damages given only an IP address linking me to this matter. Based on 33 years of Texas Prison system as a supervisor, Special Operations Response Team, and Seattle/Kent Jails I believe I have a good sense for abuse and find no place for it in my life.

Should the court find in my favor to dismiss I would also seek monetary restitution in this matter.

CONCLUSION:

For the reasoning and facts stated above this motion to dismiss should be granted.

*[Signature: Jonathan Ted Dutczak]*
JONATHAN TED Dutczak

Dated 09/18/2017   Page 3

Hello, I am one of the identified Defendants regarding the Lowe, Graham, and Jones lawsuit brought against us regarding possible copyright infringement. Since I mentioned other Defendants in my motion for a dismissal I may be obligated to give each of the Defendants a copy of said motion. If your attorney or yourself would like to contact me, have advice, or just feel like talking about this matter I can be reached at 425.831.5508 or jonathandutczak@comcast.net. Good luck with your efforts regardless, Jonathan Dutczak.

*Jonathan Ted Dutczak*   09.17.2017
JONATHAN TED DUTCZAK

Sent to each defendant, J.T.D.

J.T. Dutczak
23240 88th Ave. S., Apt. SS 204
Kent WA.
98031

SEATTLE WA 980
21 SEP 2017 PM 5 L

Clerk of Court
United States District Court For the
Western District of Washington
700 Stewart Street
Seattle WA 98101