Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VENICE PI, LLC, | Civil Action No. 17-cv-990TSZ |
| Plaintiff, | OPPOSITION TO DEFENDANT SWANICKE'S MOTION TO DISMISS |
| v. | |
| JONATHAN DUTCZAK, an individual; MARY ELLEN AVELAR, an individual; EMMANUEL NDAYISENGA, an individual; WILBUR MILLER, an individual; and ROSLYN COY, an individual; LIANG SUN, an individual; FASIKA GETAHUN, an individual; and STACY FOSTER, an individual, | |
| Defendants. | |

Plaintiff opposes Defendant Jonathan Dutczak's (Doe 2) motion to dismiss (Dkt. 22).

## I.   BACKGROUND

Plaintiff, a film producer and motion picture copyright holder, filed a copyright infringement action against Doe Defendants alleging infringement of its motion picture entitled *Once Upon a Time in Venice* on June 30, 2017. (Dkt. 1) Using so-called "peer-to-peer" ("P2P") or BitTorrent file "swapping" networks, Defendants' infringements allow them and untold others to unlawfully obtain and distribute for free the copyrighted motion picture. Plaintiff sued Defendants as "Doe" Defendants because Defendants committed their infringements using online pseudonyms

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

("user names" or "network names"), not their true names. At the time of filing, Plaintiff was only able to identify the Doe Defendants by their Internet Protocol ("IP") address and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the non-party Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access. This information is readily available to the ISPs based on records kept in the regular course of business.

Accordingly, Plaintiff promptly filed a motion for leave to take early discovery from the identified ISP (Comcast) to determine Defendant's identity. The bases for Plaintiff's infringement allegations, and justification for expedited discovery, are set forth in detail in its complaint, motion and supporting technical declaration. (Dkt. Nos. 1, 5-6) These provide background describing the online media distribution system Doe 2 and other Defendants have used without authorization to download and distribute the copyrighted motion picture to other users on the P2P network. (Dk. No. 1, ¶¶ 10-17; Dkt. 6, ¶¶ 3-8) The described forensic software used for BitTorrent enforcement collects, identifies and records the IP addresses used by those people that employ the BitTorrent protocol to share, copy, reproduce and distribute copyrighted works. More specifically, as explained in the supporting declaration (Dkt. 6), the forensic software scans P2P networks for the presence of infringing transactions and isolates the transactions and the IP addresses of the users responsible for copying and distributing the motion picture. This information is used along with corresponding hash values and transaction dates and times to identify the "swarm" of users that were reproducing, distributing, displaying or performing the copyrighted motion picture. The software uses a geolocation functionality to confirm that IP addresses of the identified users were located this judicial district. (Id. ¶¶ 9-21)

Plaintiff sufficiently identified Defendant via the unique IP address assigned thereto at the time of the unauthorized distribution of the copyrighted motion picture. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579-580 (N.D. Cal. 1999). Specifically, Plaintiff has

OPPOSITION TO MOTION TO DISMISS - 2
Civil Action No. 17-cv-990TSZ
INIP-6-0089P16 OPPMOT Dismiss

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Defendant's IP address and the date and time of Defendant's infringing activities, tracing the IP address to the specific ISP, in this case Comcast. Given that Defendant obviously received notice of Plaintiff's subpoena to Comcast as an identified subscriber, the ISP can and has identified Defendant by name, confirming that Defendant is a "real person" who can be sued in federal court. (Dkt. 6, ¶ 21) Plaintiff thereafter filed its first amended complaint (Dkt. 21).

## II.   LEGAL AUTHORITY AND ARGUMENT[1]

### A.   DEFENDANT FAILS TO MEET THE HIGH STANDARD FOR DISMISSAL

A complaint fails to state a claim upon which relief may be granted if the plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should only dismiss a complaint for failure to state a claim if, taking all factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 662; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). This standard is not, however, akin to a "probability requirement." Rather, it only asks for "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Plaintiff readily surpasses this modest threshold for notice pleading of its copyright infringement claim against Defendant. To state a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991). Plaintiff

---

[1] Defendant fails to specify the Rule 12(b) basis for its motion to dismiss. Plaintiff presume that the basis is Rule 12(b)(6), failure to state a claim, and has addressed its opposition to that basis. Plaintiff reserve the right to respond otherwise should a different basis be identified or asserted.



unequivocally alleged both in its original and amended complaint, which allegations must be taken as true. For example, Plaintiff alleged:

- Comcast identified Defendant as the subscriber to whom a specific IP address was assigned during the relevant time period (Dkt. 16 at ¶ 10)

- The "IP address was observed infringing Plaintiff's motion picture at that time" (Id. at ¶ 18)

- The download of the motion picture was not an isolated infringement, but rather one instance of significant BitTorrent activity in which Defendant's IP address participated during the relevant period (Id. at ¶ 12)

- The materials shared and downloaded would not be of interest to a child (Id.)

- The physical location and layout of Defendant's residence makes it unlikely that his IP address was hijacked by a neighbor or passerby (Id. at ¶ 14)

In so doing, Plaintiff pled "facts tending to exclude the possibility that [an] alternative explanation is true," as has been required by this Court. These factual assertions are more than "formulaic recitation of the elements" or "bare legal conclusion," and specifically allege that Defendant copied Plaintiff's work. They provide fair notice of the infringed copyright and how the unauthorized copying occurred. Plaintiff's infringement claim is "plausible on its face," and readily pass the *Twombly/Iqbal* standard for notice pleading. Such pleadings have been found adequate to defeat similar motions for dismissal in other cases in this jurisdiction. *See, e.g., Cobbler Nevada v. Hamilton*, 16-cv-1616TSZ Dkt. 84 (July 28, 2016); *QOTD Film v. Does*, 16-cv-371RSL Dkt. 70 (October 11, 2016); *Criminal Prod. v. Winter*, 16-cv-1647RAJ Dkt. 36 (June 29, 2017); *Cook Prod. v. Swanicke*, 16-cv-1884TSZ Dkt. 68) (August 24, 2017).

Noteworthy is the *Criminal Prod.* case—which is recent and based on due diligence and pleadings comparable to those in the present case. In *Criminal Prod.*, the Court specifically addressed the same *Twombly/Iqbal* standard and distinguished an earlier case in this jurisdiction in denying a similar motion for dismissal. (*Criminal Prod.*, Dkt. 36, pp. 3-4; *see also QOTD* Film, Dkt. 70, pp. 3-4) Plaintiff respectfully submits that as in *Criminal Prod.* and earlier cases, it has in

OPPOSITION TO MOTION TO DISMISS - 4
Civil Action No. 17-cv-990TSZ
INIP-6-0089P16 OPPMOT Dismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1    this case pled sufficient facts—which much be taken as true—to support its allegations and meet

2    the threshold requirement to defeat dismissal. Accordingly, Plaintiff respectfully submits that its

3    amended complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief

4    that is plausible on its face[.]'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

5           Defendant asserts that Plaintiff failed to properly identify the Defendant and allege facts

6    that Defendants participated in the infringing conduct. That is simply untrue. After outlining its

7    copyright infringement claims, including a detailed description of the technology used for the

8    infringement (*see* Dkt. 16. ¶¶ 27-39), Plaintiff specifically identified Defendant by name and

9    address as the party which, "based on the investigation to date, and on information and belief,"

10   was the responsible party. (Id. ¶¶ 17, 18) The *Twombly/Iqbal* standard for notice pleading requires

11   nothing more.

12          Defendant ignores Plaintiff's allegations of both direct and, alternatively, potentially

13   indirect copyright infringement. Defendant asserts only, in conclusory fashion, that Plaintiff does

14   not have "sufficient reasons or grounds to bring" the lawsuit. And further that "an IP address is

15   unreliable and seriously weak as a claim." But contrary to Defendant's assertion, it has never been

16   the case that Plaintiff has alleged that the subscriber is the infringer based solely on responsibility

17   for the IP address where the infringement occurred. Only formal discovery will determine whether

18   facts supports direct infringement or alternative claims of liability, which may only be triggered if

19   Defendant is not found responsible for direct infringement and otherwise the criteria for indirect

20   infringement is met. For example, if Defendant was on notice, had knowledge of and participated

21   in the infringement, indirect infringement may be a valid claim—which is precisely what is alleged

22   in this alternative claim. At a minimum, Plaintiff's claim, on information and belief, meets the

23   *Twombly/Iqbal* standard that there be "more than a sheer possibility that a defendant has acted

24   unlawfully." *Iqbal*, 556 U.S. at 678.

25

26

OPPOSITION TO MOTION TO DISMISS - 5
Civil Action No. 17-cv-990TSZ
INIP-6-0089P16 OPPMOT Dismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Defendant asserts that the most likely explanation for the infringing IP address usage is "computer hacking or spoofing of that IP address." Defendant's conclusory assertions are not only incorrect and unsubstantiated and therefore fail to justify dismissal, but they are contrary to the assertions set forth in the pleadings—which must be taken as true—and in point of fact incorrect, as explained in the supporting declarations filed in this case.

Similarly unmeritorious is Defendant's statement that "[my] unsecured or open wireless network is my defense in this matter" (Dkt. 22 at 2) and that "users and Comcast are not required by law or expected to have passwords, usernames, and so forth per the user agreement." This is not a true statement. Comcast requires passwords and a secure Internet by default. Removing the ISP password and knowingly maintaining an open or unsecured Internet account is in violation of Comcast policy:

http://www.xfinity.com/corporate/customers/policies/highspeedinternetaup.html.

Specifically, a customer may not:

> resell the Service or otherwise make available to anyone outside the Premises the ability to use the Service (for example, through WiFi or other methods of networking), in whole or in part, directly or indirectly, with the sole exception of your use of Comcast-provided WiFi service in accordance with its then-current terms and policies;

Moreover, customers have an express obligation to maintain Internet security, including through use of a password:

> Comcast recommends against enabling file or printer sharing unless you do so in strict compliance with all security recommendations and features provided by Comcast and the manufacturer of the applicable file or printer sharing devices. Any files or devices you choose to make available for shared access on a home LAN, for example, should be protected with a strong password or as otherwise appropriate.

OPPOSITION TO MOTION TO DISMISS - 6
Civil Action No. 17-cv-990TSZ
INIP-6-0089P16 OPPMOT Dismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

You are responsible for your own compliance with this Policy. You are also responsible for any use or misuse of the Service that violates this Policy by anyone else you permit to access the Service (such as a friend, family member, or guest)....[2]

Likewise, Defendant's insinuation that Plaintiff failed to perform adequate investigation prior to bringing suit (or since) has no basis, and is patently incorrect. To the contrary, Plaintiff performed significant investigation prior to bringing its claim, as set forth in its amended complaint. (Dkt. 16, ¶¶ 10-16). In fact, Plaintiff has taken more than reasonable steps in its efforts to identify the proper responsible party. The simple truth is that with these types of claims, barring voluntary participation by the subscriber and absent naming the subscriber and conducting formal discovery, Plaintiff is unable to do more.[3] Indeed, the Court in this jurisdiction has specifically denied multiple requests to conduct early third-party discovery of subscribers to confirm the identity of the infringing party. Instead, the Court has instructed plaintiff's, when in possession of the names of the holders of each IP address that allegedly infringed its film, to:

> proceed by naming those parties as defendants and conducting discovery in the normal course prescribed by the Federal Rules. *See, e.g.*, *Hard Drive Prods., Inc. v. Doe*, 2012 WL 90412, *2-3 (E.D. Cal. Jan. 11, 2012) (denying request to depose identified IP address holders). To the extent subsequent case developments show that the IP holders are not the infringing parties, plaintiff may seek to amend the Complaint as necessary.

*See, e.g., Cobbler v. Does*, Case No. 15-cv-1408TSZ Dkt. 23 (January 26, 2016); *Dallas Buyers Club v. Does*, Case No. 14-cv-1819RAJ (and others) Dkt. 57 (February 11, 2016). That is precisely what Plaintiff has done. Unless courts are prepared to foreclose to owners the right to enforce their federal copyright registrations in district court, plaintiffs must be allowed to prosecute their claims in just such as manner.

---

[2] The only exception to this is when you permit others to access your Comcast-provided, XFINITY WiFi-identified Internet Service with their own login information, so-called "WiFi Hotspots" from Comcast, now offered in select areas. But the infringement at the IP address alleged in this case was not this situation as evidence confirms that the port used was assigned to Defendant specifically, and not used by another with their own login information.

[3] Defendant refers to an email purportedly sent to Plaintiff's counsel at some point, but Plaintiff has no record of receiving such email. Plaintiff makes reasonable efforts to respond to voluntary communications from individuals identified by ISPs, or their attorneys, to discuss the case.

OPPOSITION TO MOTION TO DISMISS - 7
Civil Action No. 17-cv-990TSZ
INIP-6-0089P16 OPPMOT Dismiss

LOWE GRAHAM JONES ᴘʟʟᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**B.**   **PLAINTIFF IS TAKING REASONABLE STEPS TO PURSUE ITS COPYRIGHT INFRINGEMENT CLAIMS IN GOOD FAITH**

Defendant argues that "[t]orrenting is old technology that existed before most websites for watching movies on the internet because available to users" and appears to suggest that using BitTorrent is an acceptable form of viewing copyrighted works. (See Dkt. 22 at 3). In fact, Plaintiff is taking reasonable steps to defend its federal copyrights in an effort to stem the tide of online BitTorrent infringement that Congress has called "a raging epidemic." Plaintiff's rights are no less important than those of any other rights holders, whether it be of physical or intellectual property. As explained by Senator Levin in Congressional hearings on peer-to-peer Internet piracy:

> In the world of copyright law, taking someone's intellectual property is a serious offense, punishable by large fines. In the real world, violations of copyright law over the Internet are so widespread and easy to accomplish that many participants seem to consider it equivalent to jaywalking—illegal but no big deal. But it is a big deal. Under U.S. law, stealing intellectual property is just that—stealing. It hurts artists, the music industry, the movie industry, and others involved in creative work. And it is unfortunate that the software being used—called 'file sharing' as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm. (Sen. Leven, Senate Hrg. 108-275, Sept. 30, 2003)

**C.**   **DEFENDANT DOES NOT HAVE AN EXPECTATION OF PRIVACY THAT OUTWEIGHS PLAINTIFF'S LEGITIMATE INTEREST IN PROTECTING ITS COPYRIGHT**

Defendant suggests that Plaintiff's lawsuit is violates a reasonable expectation of privacy of the subscriber, or ultimately the user if different from the subscriber, associated with the IPs accused of infringement. But such identification is necessary—and the only way—for Plaintiff to enforce its federal rights. Defendants have no legitimate expectation of privacy in the subscriber information they provided to the ISPs much less in downloading and distributing the copyrighted motion picture without permission. *See Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *Interscope Records v. Does 1-14,* 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute

OPPOSITION TO MOTION TO DISMISS - 8
Civil Action No. 17-cv-990TSZ
INIP-6-0089P16 OPPMOT Dismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"). This is because a person can have no legitimate expectation of privacy in information he or she voluntarily communicates to third parties. *See, e.g., Smith v. Maryland*, 442 U.S. 735, 743-44 (1979); *U.S. v. Miller*, 425 U.S. 435, 442-43 (1976).

Although Defendants in such cases copy and distribute the motion picture without authorization using fictitious user names, their conduct was not anonymous. Using publicly available technology, the unique IP address assigned to each Defendant at the time of infringement can be readily identified. When Defendant entered into a service agreement with Comcast they knowingly and voluntarily disclosed personal identification information to the ISP. As explained in the underlying motion and declaration in support of discovery, this identification information is linked to the Defendants' IP address at the time of infringement, and recorded in the ISP's respective subscriber activity logs. Because Defendants can, as a consequence, have no legitimate expectation of privacy in this information, there is no basis for this Court to prevent Plaintiff from its only avenue to curb infringement of its copyrighted motion picture. This same argument has been raised previously in this Court and rejected. For a good analysis, see *The Thompsons Film, LLC v. Does 1-194*, Case No. C13-560RSL (Lasnik, J) (Dkt. 33 at 8-9).

**D.    DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED**

Defendant may not like being haled into court to defend a federal copyright infringement claim, and may even proclaim his innocence, but that does not mean that Plaintiff's claims are not valid and fully alleged on information and belief sufficient to meet the *Twombly/Iqbal* standard for notice pleading, or that Plaintiff failed to properly investigate its claims. To the contrary, the original and amended complaint more than adequately meets these requirements and provide a

definite statement of Plaintiff's copyright infringement claims. Plaintiff has reasonably investigated its copyright infringement claims and alleged them based on the evidence available, and should be allowed to conduct discovery sufficient to prove the same.

As well-documented in Plaintiff's complaint and supporting papers filed in this case, Plaintiff has more than met its burden of asserting a *prima facie* claim for copyright infringement in its complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that: (a) it owns the exclusive rights under the registered copyright for the motion picture, and (b) the Doe Defendants copied or distributed the copyrighted motion picture without Plaintiff's authorization. These allegations state a claim for copyright infringement. *See* 17 U.S.C. §106(1)(3); *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1014-15 (9th Cir. 2001) (Napster users who upload file names to the search index for others to copy violate distribution rights and users who download files containing copyrighted music violate reproduction rights); *In re Aimster Copyright Litig.,* 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright.").

## III.   CONCLUSION

Plaintiff respectfully submits that Defendant fails to carry the burden required to dismiss the amended complaint. For the reasons set forth above, Plaintiff respectfully request that Defendant's motion be DENIED.

RESPECTFULLY SUBMITTED October 9, 2017.

s/David A. Lowe, WSBA No. 24,453
 Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

Attorneys for Plaintiff

LOWE GRAHAM JONES<sub>PLLC</sub>

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

**CERTIFICATE OF SERVICE**

2

3

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system, as well as the following addressed as follows:

4

5

6

Jonathan Dutczak
23240 88th Ave S Apt. JJ204
Kent, WA 98031
jonathandutczak@comcast.net

7

8

s/ David A. Lowe

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OPPOSITION TO MOTION TO DISMISS - 11
Civil Action No. 17-cv-990TSZ

INIP-6-0089P16 OPPMOT Dismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301