UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VENICE PI, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>SEAN O'LEARY JR., et al.,<br><br>    Defendants. | C17-988 TSZ |
| VENICE PI, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>JONATHAN DUTCZAK, et al.,<br><br>    Defendants. | C17-990 TSZ |
| VENICE PI, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>MARTIN RAWLS, et al.,<br><br>    Defendants. | C17-991 TSZ |
| VENICE PI, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>INA SICOTORSCHI, et al.,<br><br>    Defendants. | C17-1074 TSZ |

MINUTE ORDER - 1

| | |
|---|---|
| VENICE PI, LLC,<br><br>                Plaintiff,<br>   v.<br>GREGORY SCOTT, et al.,<br><br>                Defendants. | C17-1075 TSZ |
| VENICE PI, LLC,<br><br>                Plaintiff,<br>   v.<br>YELENA TKACHENKO, et al.,<br><br>                Defendants. | C17-1076 TSZ |
| VENICE PI, LLC,<br><br>                Plaintiff,<br>   v.<br>CELINA POTTER, et al.,<br><br>                Defendants. | C17-1160 TSZ |
| VENICE PI, LLC,<br><br>                Plaintiff,<br>   v.<br>TONJA LAIBLE, et al.,<br><br>               Defendants. | C17-1163 TSZ |
| VENICE PI, LLC,<br><br>                Plaintiff,<br>   v.<br>VICTOR TADURAN, et al.,<br><br>               Defendants. | C17-1164 TSZ |

| | |
|---|---|
| VENICE PI, LLC,<br><br>        Plaintiff,<br>   v.<br>JESSE COOPER, et al.,<br><br>        Defendants. | C17-1211 TSZ |
| VENICE PI, LLC,<br><br>        Plaintiff,<br>   v.<br>JASMINE PATERSON, et al.,<br><br>        Defendants. | C17-1219 TSZ |
| VENICE PI, LLC,<br><br>        Plaintiff,<br>   v.<br>DAVID MEINERT, et al.,<br><br>        Defendants. | C17-1403 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The deadlines for a Rule 26(f) conference, exchange of initial disclosures, and submission of a Joint Status Report are STRICKEN. Plaintiff's motions for extension of these initial scheduling deadlines, docket no. 17 in C17-988, docket no. 27 in C17-990, docket no. 22 in C17-991, docket no. 21 in C17-1074, docket no. 15 in C17-1075, and docket no. 17 in C17-1076, are STRICKEN as moot.

(2) Plaintiff's motions for extension of time to serve, docket no. 15 in C17-1160, docket no. 20 in C17-1163, docket no. 14 in C17-1164, docket no. 18 in C17-1211, and docket no. 16 in C17-1219, are GRANTED as follows. The deadlines for plaintiff to effect service are EXTENDED as follows:

| **Case No.** | **Current Deadline** | **New Deadline** |
|---|---|---|
| C17-1160 | October 29, 2017 | November 20, 2017 |
| C17-1163 | October 29, 2017 | November 20, 2017 |
| C17-1164 | October 29, 2017 | November 20, 2017 |

MINUTE ORDER - 3

| | | | |
|---|---|---|---|
| 1 | C17-1211 | November 8, 2017 | November 20, 2017 |
| | C17-1219 | November 9, 2017 | November 20, 2017 |

No further extension will be granted.[1]

(3) In two different cases, Nos. C17-990 TSZ and C17-1075, plaintiff sued the same, now deceased, defendant, namely Wilbur Miller. Mr. Miller's widow submitted a declaration indicating that, for about five years prior to his death at the age of 91, Mr. Miller suffered from dementia and was both mentally and physically incapable of operating a computer. *See* R. Miller Decl. (docket no. 30 in C17-990). The fact that Mr. Miller's Internet Protocol ("IP") address was nevertheless identified as part of two different BitTorrent "swarms" raises significant doubts about the accuracy of whatever IP-address tracking method plaintiff is using. Moreover, plaintiff may not, based solely on IP addresses, launch a fishing expedition aimed at coercing individuals into either admitting to copyright infringement or pointing a finger at family members, friends, tenants, or neighbors. Plaintiff must demonstrate the plausibility of its claims before discovery will be permitted. *See* *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also* Fed. R. Civ. P. 11. Discovery includes discussions between plaintiff's counsel and unrepresented defendants concerning the merits of, or the events giving rise to, plaintiff's claims, and such conversations are prohibited until after a Rule 26(f) conference occurs. *See* Fed. R. Civ. P. 26(d)(1). Because plaintiff's counsel has admittedly not abided by the restrictions on discovery, *see* Pla.'s Resp. (docket no. 76 in C15-1430 TSZ), **plaintiff's counsel is DIRECTED not to communicate with any unrepresented defendant in any manner for any purpose until further order of the Court**. Within twenty-eight (28) days of the date of this Minute Order, plaintiff shall file an offer of proof, which may be captioned in the same manner as this Minute Order and filed in each case. Such offer of proof shall be supported by the declaration of an expert in the field, setting forth such expert's qualifications, and shall address the following issues: (i) whether and, if so, how an IP address can be either "spoofed" to or faked by a BitTorrent tracker, and what is the likelihood (quantified if possible) that each defendant's IP address was a false positive; (ii) whether and, if so, how plaintiff can prove that the material allegedly tracked to each defendant's IP address was a "playable" and actionable segment of the copyrighted work at issue; and (iii) what evidence, if any, can plaintiff currently present, beyond mere association with an IP address, that each defendant engaged in the alleged copyright

---

[1] Plaintiff's counsel was previously advised that the Court will not grant extensions of the time to effect service so that plaintiff's counsel can distribute threatening letters to defendants in advance of naming them in an operative pleading. *See* Minute Order (docket no. 20 in C17-1074, docket no. 14 in C17-1075, docket no. 16 in C17-1076). Plaintiff's counsel, however, appears to have sent such letters to defendants in the five cases at issue before the Court's Minute Order was entered in the related matters. The dockets in the related matters (C17-1074, C17-1075, and C17-1076) reflect that service was generally effected within two weeks after the waiver deadline. Plaintiff's request for a lengthier extension in C17-1211 and C17-1219 is therefore denied.

infringement. In the absence of a timely filed offer of proof, plaintiff's claims will be dismissed with prejudice and without costs, and these cases will be closed.

    (4)    The deadlines for defendants to file responsive pleadings or motions in these cases are STRICKEN. The Court will reset such deadlines, if appropriate, after considering any offer of proof filed by plaintiff.

    (5)    The Clerk is directed to send a copy of this Minute Order to all counsel of record and to each defendant not represented by counsel at the address to which summons was issued. If summons has not yet been issued with respect to particular defendants, plaintiff's counsel shall provide to the Clerk, within three (3) days of the date of this Minute Order, a list of addresses for such defendants.

Dated this 3rd day of November, 2017.

                                      William M. McCool
                                      Clerk

                                      s/Karen Dews
                                      Deputy Clerk