```
                                                    ____FILED
                                                    ____LODGED   MAIL
                                                    ____RECEIVED
Jonathan Ted Dutczak PRO SE
23240 88th Ave. S. Apt JJ204                        JAN 22 2018
Kent Wa. 98031
Phone:425.831.5508                                  AT SEATTLE
                                                    CLERK U.S. DISTRICT COURT
                                                    WESTERN DISTRICT OF WASHINGTON
                                                    BY                       DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VENICE PI,LLC, | Civil Action No. 17-cv-990TSZ |
| Plaintiff | |
| Vs | |
| JONATHAN DUTCZAK;  GARRETT COX ; MARY ELLEN AVELAR; | |
| DOE 5; WILBUR  MILLER; ROSLYN COY; LLANG SUN; FASIKA | Minute Order Response Document |
| GETAHUN; and  STACY FOSTER: Defendants | 50 01.08.2018 |
| | Dated 01.19.2018 |

## FACTS AND REASONING

In response to the court's second Minute Order (Document 50 dated 01.08.2018) I declare under oath that I did not use Bit Torrent technology to view, download, or share any portion of the motion picture "Once Upon a Time in Venice" on June 18, 2017 at 21:09:43 UTC (2:09:43 p.m. Seattle time) as alleged in the Plaintiff's Amended Complaint (C17-990, docket no. 16). Furthermore, I was not at home at that time on Sunday, June 18, 2017, because I was at Phillip Mendigorin's property in Kent, Wa. burning tree stumps. I returned home around 23:00 hours that day. See enclosed letter from Mr. Mendigorin, exhibit AAA. I routinely spend Sundays and Mondays at Mr. Mendigorin's residence.

In addition to multiple shortcomings of proof from both of Judge Zilly's minute orders and my two responses I add the following. Plaintiff claims in his 10.13.2017 email to me (2nd Minute Order Defendant Exhibit) to have pursued over 1,000 copyright infringement cases. As such I find no excuse for the veteran Plaintiff's lack of professionalism, statutory damage threats and implied threats, improper joinder (defendants in a swarm is insufficient), questionable ownership of a valid copyright, disruption of Defendant's lives, lack of expert evidence (neither relevant or reliable) to support his claims [(intentional usage of foreign witnesses to promote degrees of separation (unable to subpoena, cross examine, do depositions, inspect or discovery)] and outdated /dysfunctional/unreviewable/trade secret  software for acquirement of (possibly fake) IP addresses (followed by subpoena abuse to identify John Does), software showing downloaded movies in languages not spoken by the defendant, software which is never reviewed for false positives and beyond discovery, ignoring a large proportion of false positives, software which is not peer reviewed or published or tested with no known rate of error or accepted in the scientific community (Mathew Sag and Jake Haskell; Defense Against the Dark Arts, pg.2 below), using technological doublespeak and programs that do not do what they say they do(Maverick Eye technical limitations), using shelf corporations and nonexistent foreign experts, using generic and boilerplate complaints which fail to show cause ( Defense Against the Dark Arts of Copyright Trolling,#3, p.143), fails Twombly and is formulaic. Courts have already rejected attempts to prove infringement by snapshot (#6, p.145,Sag and Haskell), no human witnesses to IP address observations (#7, p. 145, Sag and Haskell), ongoing disregard of RCW's 18.165.020 for unlicensed business practices to pursue investigations and surveillance of Washington State residents for said IP addresses and bogus geo location software (think putting Defendant at the scene of the crime), fishing expeditions that abuse the court system, prior Judge  Richard A. Jones' (Case 216-cv-01272-RAJ) noted Plaintiff' sloppiness ( 10% fine, cut and  paste style of formulating claims and constant intimidation), non- manageable levels of lawsuits, bullying and misidentifying defendants, their apartment dwelling neighbors (763 immediate

dwellings and 09 more complexes within a mile of Def.), piggybacking on defendant's WiFi and ISP providers , 37 available WiFi entrée points available to neighbors for computer infiltration, Plaintiff expecting the Defendant to impersonate the Police and search for real culprits and also support the F.B.I in doing so), gross deceit of why computers run slowly (Plaintiff's torrenting claim), Plaintiff's targeting innocent children's computer habits, Plaintiff's denying spoofing and multiple users of Defendant's computer or IP address, unjustified time extensions, Plaintiff's ignoring used computers possibility of being filled with torrenting activity, prior expert's signature replications and resume patterning, demand letters, lying that the account holder and John Doe are the same, unlimited arrogance and fearlessness of Pro Se defendants since they are unlikely to collect fees and costs (see a dozen noted Plaintiff's voluntary dismissals when dealing with Attorney Christopher Lynch with each letter identifying unique multiple reasons for dismissals, looming fraud exposure, and exposing guidelines for defense tactics and to overcome learning curves), willfully trying to bypass rule 26(f), not playing by the rules both humanely and with Local Civil Rule 7.1.(a), engaging multiple defense attorneys to underhandedly do fast settlements against their clients (promoting the threat of high fees of Federal litigation, enduring abuse and unjustified embarrassment of a lawsuit and accusations and making other attorneys admit that they are yet unaware of how else to defend their own clients or giving them a chance to do so) rather than being dutiful and respecting the Bar Association. The Plaintiff only wants money and is not growing from this experience as I have. Plaintiff's actions identify and punish both innocent and guilty individuals and those who cannot afford or have the demeanor to defend themselves. As such many suffer needlessly. The fact that no copyrighted material was ever found in the possession of the Defendant and no forensics review of Defendant's used computers ever occurred shows that Defendant's denial of not having or distributing said movie must be admitted into evidence. A copy was never made nor portion thereof.  A (35 kb approximately) computer blip (of ones and zeroes) which German scientist Dr. Simone Richter (for Plaintiff) says cannot be seen by the naked eye therefore in no way constitutes viewing said movie, distributing said movie, or owning said movie and is not a copy per copyright standards. The U.S. Copyright Office remains silent on this copyright issue, (as noted by Law Professor Matthew Sag and Attorney Jake Haskell SSRN in their  87 page article Defense Against the Dark Arts of Copyright Trolling and written recently on November 17, 2017 and equally as reliable and insightful as the letters by Attorney Christopher Lynch).  Also from the same article when using LexMachina database for 2015 and 2016 only one disfigured bench warrant case out of 9,956 cases proceeded to court. There is, by example, no going to court in these matters.

In reality, Plaintiff does not know who is a culprit, if a crime was even committed, or its' source or motive.  Hard evidence rather than speculation must be used for plausibility. Defendant has no history nor has he distributed anything as claimed by the Plaintiff. A hash tag and IP address does not make a subscriber to Comcast a torrenting copyright infringer.

Should the court find in my favor to dismiss with prejudice I would also seek monetary restitution in this matter for costs and approximately forty hours of writing and research put forth. And here I thought I would have little reason to remember my upcoming 02.15.1959 Birthday.

CONCLUSION:
Please dismiss Plaintiff's lawsuit with prejudice for the reasoning and facts stated above; B. Prior Dismissal Request and response to initial Minute Orders; C. Prior Exhibits and Mr. Mendigorin's letter.

This motion is truthful under penalty of Perjury,

Jonathan Ted Dutczak
01.19.2018
Page 2.

Exhibit AAA

Phillip Mendigorin

27709 199th Ave S.E.

Kent Wa. 98042

01.22.2018

This letter is for Jonathan Ted Dutczak's court case regarding his whereabouts on June 18, 2017 at 21:09:43 UTC (2:09:43 p.m. Seattle time) as alleged in the Plaintiff's Amended Complaint (C17-990 docket no. 16). At that time Mr. Dutczak spent that day with me, arriving at my house (located in Kent at the above heading) in the morning and leaving late into the night after we cut wood and burned stumps and roots, around 11 p.m. We frequently spend our weekends together. Under penalty of perjury, I make this claim,

*[signature]*
Phillip Mendigorin

T. Dutis Ak
22240 88 m Ave. s, Apt. JJ 204
Kent WA 98031

FILED
LODGED
RECEIVED
JAN 22 2018
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Clerk, United States District Court
US courthouse
700 Stewart St., Suite 2310
Seattle WA. 98101

