Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VENICE PI, LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>JONATHAN DUTCZAK, an individual;<br>MARY ELLEN AVELAR, an individual;<br>EMMANUEL NDAYISENGA, an individual;<br>WILBUR MILLER, an individual; and<br>ROSLYN COY, an individual;<br>LIANG SUN, an individual;<br>FASIKA GETAHUN, an individual; and<br>STACY FOSTER, an individual,<br><br>               Defendants. | Civil Action No. 17-cv-990TSZ<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT DUTCZAK'S MOTION TO DISMISS/SUMMARY JUDGMENT AND REQUEST FOR CONTINUANCE UNDER RULE 56(d) |

RESPONSE IN OPPOSITION TO MOTION TO DISMISS
Civil Action No. 17-cv-990TSZ
INIP-6-0089P22 OPPMOTSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

To the extent that Defendant's December 19, 2017 response (Dkt. 44) is considered a reply in support of Defendant's motion to dismiss (Dkt. 22), Plaintiff objects to the submission of evidence outside the pleadings, and to any conversion of the motion to dismiss into a summary judgment motion. Plaintiff is entitled to resolution of the motion to dismiss as originally filed and briefed, limited to Defendant's motion (Dkt. 22) and Plaintiff's reply (Dkt. 28).

To the extent that Defendant's December 19, 2017 response (Dkt. 44) is considered a new summary judgment motion, or as converted by the Court pursuant to its January 8, 2018 Minute Order (Dkt. 46), Plaintiff objects to Defendant's submission as in violation of LCR 7(b) and (d) requirements for the form, scheduling and noting of summary judgment motions and to the Court's restriction of Plaintiff's response to five (5) pages, contrary to LCR(e). Further, Plaintiff moves for a continuance under Rule 56(d) to conduct discovery, as supported by the declaration of counsel submitted herewith.

## LEGAL AUTHORITY AND ARGUMENT

### A.   DEFENDANT FAILS TO MEET THE HIGH STANDARD FOR SUMMARY JUDGMENT

Summary judgment is only appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party has met this burden, the opposing party must show that there is a genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In ruling on a motion for summary judgment, the Court may only consider evidence that would be admissible at trial, and may not consider inadmissible hearsay. *Key Bank of Puget Sound v. Alaskan Harvester*, 738 F. Supp. 398, 401 (W.D. Wash. 1989). For purposes of summary judgment, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

RESPONSE IN OPPOSITION TO MOTION TO
DISMISS - 1
Civil Action No. 17-cv-990TSZ
INIP-6-0089P22 OPPMOTSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

At this very early stage, prior to the Court allowing any discovery apart from the initial subpoena to the Internet Service Provider (ISP) Comcast, Plaintiff has made out a *prima facie* claim for copyright infringement, namely, it has shown "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991). For example, Plaintiff alleged and in multiple responses to the Court's show cause orders and further in submitted declarations herein shown the following:

- Plaintiff owns the federal copyright for the motion picture at issue. (Dkt. 16-1; Dkt. 42 at 3-6; Dkt. 50 at 3-5)

- The IP address was observed infringing Plaintiff's motion picture. (See Dkt. 6 at 1-6; Dkt. 52; see also expert reports/declarations of Ben Perino (Dkt. 41 at 4-12), Dr. Simone Richter (Dkt. 41-1 at 26-43), Robert D. Young (Dkt. 41-1 at 54-58), Supp. Ben Perino (Dkt. 54 at 4-9) and Stephen M. Bunting (Dkt. 49 at 5-24). See also the expert report of Dr. G. Mitchell of Future Focus, Inc. prepared specifically for *Cobbler v. James*, Case No. 15-cv-1430TSZ (Dkt. 81 therein) to address WiFi issues.

- Plaintiff has documented at least 29 captures of the motion in picture in question between June 18-20, 2017, wherein 100% of the motion picture was broadcast as available for distribution as part of the BitTorrent swarm. (Dkt. 41-1 at 8-9)

- The download/distribution of the motion picture was not an isolated infringement, but rather one instance of significant BitTorrent activity in which Defendant's IP address participated during the relevant period (Id. at 15-17)

- Comcast identified Defendant as the subscriber to whom a specific IP address was assigned during the relevant time period (Lowe Dec. Ex. A)

- Defendant received no fewer than three DMCA notices between June 19-21, 2017, prior to the time period in which at least some of the captures of the motion picture in question occurred. (Id. Ex. B)

- The materials shared and downloaded would not be of interest to a child (Id.)

- Available investigative databases confirm that, during the relevant time, including between June 18-21, 2017, Defendant resided at the address confirmed by Comcast as being the location associated with the IP address used for the documented infringement. (Lowe Dec. ¶ 4)

RESPONSE IN OPPOSITION TO MOTION TO DISMISS - 2
Civil Action No. 17-cv-990TSZ
INIP-6-0089P22 OPPMOTSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

To the extent that this evidence does not prove Plaintiff's case, at a minimum it constitutes evidence that creates a genuine issue of material fact precluding summary judgment in favor of Defendant. Under applicable law, any reasonable doubt as to (1) whether Plaintiff is the owner of the infringed copyrighted work; (2) whether the verified infringement detection system used by Plaintiff accurately recorded the captures indicated; (3) whether Defendant was responsible downloading/distributing the copyrighted motion picture, must be resolved in favor of Plaintiff as the nonmoving party and summary judgment denied.

Defendant claims that he was not at home during the time of some of the infringing captures on June 18, and submits a declaration from an alleged associate purportedly confirming that fact. (Dkt. 47) Even assuming such statement is admissible, at most it creates an issue of fact as to whether the statements are true and accurate. Defendant provides no dated, documentary evidence confirming the assertions. There is no evidence to corroborate the purported recollection of either Defendant or Mr. Mendigorin as to events that occurred more than seven months ago. In contrast, Plaintiff has submitted evidence confirming that multiple infringing captures occurred via the IP address assigned to Defendant at that time, and that according to the records available to Plaintiff at this point (given that the Court has not allowed discovery), Defendant was the only person at the residence. Plaintiff is entitled to conduct discovery to probe the purported assertions which at best may be defective as to the date alleged activity by Defendant and at worst may simply not be true.

Moreover, even if evidence were to confirm that Defendant was not at his residence and responsible for the infringement that occurred on June 18, Plaintiff has submitted evidence of multiple instances of infringement on June 19 and 20—days for which Defendant has failed to account for as to his whereabouts. Again, at a minimum, this creates genuine issues of material fact regarding the copyright infringement alleged in this case.

RESPONSE IN OPPOSITION TO MOTION TO
DISMISS - 3
Civil Action No. 17-cv-990TSZ
INIP-6-0089P22 OPPMOTSJ



701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Defendant makes a number of additional unsubstantiated assertions in his response document (Dkt. 47). At most, assuming the assertions were believed, each of these creates a genuine issue of material fact regarding various aspects of the case. In point of fact, however, none are meritorious, and most have already been addressed in the evidence previously submitted by Plaintiff or of record in this case. See, e.g., Dkts. 28-30, 33-39; see also the expert report of Dr. G. Mitchell of Future Focus, Inc. prepared specifically for *Cobbler v. James*, Case No. 15-cv-1430TSZ (Dkt. 81 therein) to address WiFi issues.

### B.   IN THE ALTERNATIVE, PLAINTIFF REQUESTS UNDER FED. R. CIV. P. 56(d) FOR AN OPPORTUNITY TO CONDUCT DISCOVERY

A court may refuse to consider a motion for summary judgment or continue the motion for a time whenever a party opposing the motion shows by "declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The Rule is most often invoked by litigants "when they have not had sufficient time to develop affirmative evidence." *Burlington Northern Santa Fe R.R. Co. v. Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). When a motion for summary judgment is filed extremely early in the litigation process, "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," Ninth Circuit precedent requires that the court grant a motion brought under Rule 56(d) "fairly freely." *Id.* (allowing the defendant additional time to conduct discovery when the plaintiff filed a motion for summary judgment only one month after filing suit); *Rosalez v. Baker*, 2010 U.S. Dist. LEXIS 109974, at *10-11 (W.D. Wash. Oct. 15, 2010).

Such is precisely the case here, where the summary judgment motion has been filed extremely early in the litigation process and Plaintiff has not been allowed "any realistic opportunity to pursue discovery relating to its theory of the case." As confirmed in the Lowe Declaration submitted herewith, when allowed to proceed with formal discovery, Plaintiff intends to seek reasonable discovery to confirm infringement and test the veracity of statements made by Defendant and Mr. Mendigorin, in particular information regarding: (1) Defendant's exposure to

RESPONSE IN OPPOSITION TO MOTION TO
DISMISS - 4
Civil Action No. 17-cv-990TSZ
INIP-6-0089P22 OPPMOTSJ



701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

computers;[1] (2) each computer device at Defendant's residence; (3) the identities of individuals who set up those devices;[2] (4) communication between Defendant and the ISP with respect to copyright notices;[3] (5) how and when Defendant first learned of BitTorrent and any uses thereof; (6) the names of any BitTorrent programs located on any computer in Defendant's home; (7) a forensically sound copy of the computer devices and other data storage devices in the home; (8) the purchase of a new computer device; and (9) the use of any forensic software, among other relevant discovery. Plaintiff will depose at least Defendant and Mr. Mendigorin (and any other individuals identified as having access to the IP address during the relevant time) in an effort to gauge their credibility and ascertain the truth of their declarations, to identify any evidence that would corroborate or challenge assertions therein, to determine how the IP address access was maintained, and whether any other individuals were at the residence during the multiple capture periods. (Lowe Dec. ¶ 5)

These facts are essential for Plaintiff to be able to respond to the summary judgment motion and proceed with its case, and Plaintiff has thus far been precluded by the Court from pursuing such discovery. (Id. ¶¶ 5-8) Pursuant to Rule 56(d), Plaintiff respectfully submits that it is entitled to pursue such discovery prior to any ruling against it on the merits.

## CONCLUSION

Plaintiff respectfully submits that Defendant fails to carry the burden required for dismissal or summary judgment. In the alternative, Plaintiff is entitled under Rule 56(f) to conduct discovery and have its day in Court. For the reasons set forth above, Plaintiff respectfully request that Defendant's motion be DENIED.

---

[1] In Plaintiff's experience, defendants who hold a computer science degree or who are in the information technology industry are more likely to be BitTorrent users.
[2] Such individuals would know if the modem and router were unsecured.
[3] Receipt of numerous DMCA notices would make it more likely that Defendant was the infringer since the infringement continued despite notice. This may also give rise to a claim of contributory infringement.

RESPONSE IN OPPOSITION TO MOTION TO
DISMISS - 5
Civil Action No. 17-cv-990TSZ
INIP-6-0089P22 OPPMOTSJ

LOWE GRAHAM JONESᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

RESPECTFULLY SUBMITTED February 16, 2018.

s/David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

Attorneys for Plaintiff

RESPONSE IN OPPOSITION TO MOTION TO DISMISS - 6
Civil Action No. 17-cv-990TSZ
INIP-6-0089P22 OPPMOTSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system, as well as the following addressed as follows:

> Jonathan Dutczak
> 23240 88th Ave S Apt. JJ204
> Kent, WA 98031

s/ David A. Lowe

RESPONSE IN OPPOSITION TO MOTION TO DISMISS - 7
Civil Action No. 17-cv-990TSZ
INIP-6-0089P22 OPPMOTSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301