Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VENICE PI, LLC,<br>    Plaintiff,<br>v.<br><br>DAVID SCOTT, et al.,<br>MARY ELLEN AVELAR, et al.,<br>RUSLAN KHILCHENKO, et al.,<br>INA SICOTORSCHI, et al.,<br>GREGORY SCOTT, et al.,<br>YELENA TKACHENKO, et al.,<br>LETHA HUSEBY,<br>RANDY PATTERSON, et al.,<br>VICTOR TADURAN, et al.,<br>EDWARD JILES, et al.,<br>JASMINE PATERSON, et al.,<br>DAVID MEINERT, et al.,<br>    Defendants. | C17-988TSZ<br>C17-990TSZ<br>C17-991TSZ<br>C17-1074TSZ<br>C17-1075TSZ<br>C17-1076TSZ<br>C17-1160TSZ<br>C17-1163TSZ<br>C17-1164TSZ<br>C17-1211TSZ<br>C17-1219TSZ<br>C17-1403TSZ<br><br>RESPONSE TO SHOW CAUSE ORDER |

By Minute Order dated October 19, 2018, the Court required Plaintiff to show cause why the defaults entered in this matter should not be vacated and Plaintiff's claims against Defendants dismissed for failure to state a claim for copyright infringement under the standard set forth in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018). Plaintiff respectfully provides the following response.

## BACKGROUND

Plaintiff brought this action for copyright infringement against a number of Doe defendants identified by Internet Protocol ("IP") addresses. After conducting preliminary discovery with respect to the identities of the subscribers assigned the subject IP addresses, Plaintiff filed its amended complaint

RESPONSE TO SHOW CAUSE ORDER - 1
INIP-6-0088P24 RSC

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

naming Defendants. (Dkt. 11)[1] Plaintiff alleges that it owns the rights in the protected motion picture *Once Upon a Time in Venice*, and that each Defendant directly, indirectly or contributorily infringed Plaintiff's copyright in this district. Plaintiff seeks injunctive relief, destruction of unauthorized copies, statutory damages and reasonable attorney's fees and costs. (*Id.*, Prayer for Relief)

In the twelve separate actions, all Defendants have been served except for five who were subject to motions for alternative service after unsuccessful efforts at service. Of the remaining 55 that were served, eight filed answers and the remaining 47 had answers due in October or November 2017, but no answers were served.

By Minute Order dated November 3, 2017, the Court the struck deadlines for a Rule 26(f) conference, exchange of initial disclosures and submission of a Joint Status Report in all twelve separate actions involving Plaintiff. (Dkt. 27) The Court further ordered Plaintiff not to communicate with any unrepresented defendant in any manner for any purpose until further ordered by the Court. (Id. at 4) The Court struck all deadlines for Defendants to file responsive pleadings or motions, indicating that the Court would reset such deadlines after considering any offer of proof filed by Plaintiff. (Id. at 4-5) And the Court ordered Plaintiff to submit various offers of proof. Plaintiff timely responded to the Court's show cause order on December 1, 2017. (Dkts. 28-30), and otherwise addressed the issues raised in the November 3, 2017 Minute Order. Among other things, Plaintiff completed service, where possible, and filed motions for alternative service in other cases where service had not been effected.

By Minute Order dated January 8, 2018, (Dkt. 32), the Court denied without prejudice Plaintiff's motions for alternative service in case numbers C17-1074 (Dkt. 37), C17-1075 (Dkt. 28), C17-1211 (Dkt. 31) and C17-1403 (Dkt. 30). The Court ordered Plaintiff to cease all efforts to effect service in any pending case under further order of the Court. (Dkt. 32) The Court further ordered Plaintiff to submit additional offers of proof. Plaintiff timely responded to the

---

[1] Plaintiff refers to docket entries in 17-cv-988TSZ as the lead case, but noted that identical or substantially identical filings were made in the other eleven cases involving Plaintiff captioned above.

RESPONSE TO SHOW CAUSE ORDER - 2
INIP-6-0088P24 RSC

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Court's second show cause order on February 5, 2018. (Dkts. 33-39), and otherwise addressed the issues raised in the January 8, 2018 Minute Order. Plaintiff submitted a further response to a third-party submission, again fully addressing the myriad of inaccurate or misunderstood issues raised in the various BitTorrent cases before the courts. (Dkts. 41-44) These cases have been effectively stayed since that time.

## LAW AND ARGUMENT

A complaint fails to state a claim upon which relief may be granted if the plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court should only dismiss a complaint for failure to state a claim if, taking all factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 662; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). This standard is not, however, akin to a "probability requirement." Rather, it only asks for "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Importantly, under this analysis, the Court may not consider factual assertions or evidence outside the pleadings. *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *Grosso v. Miramax Film Corp.*, 400 F.3d 658, 659 (9th Cir. 2005) ("[O]ur inquiry begins and ends with Grosso's First Amended Complaint."). And the Court must take all pled factual allegations of the nonmoving party as true. *Twombly*, 550 U.S. at 555 (must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). Indeed,

RESPONSE TO SHOW CAUSE ORDER - 3
INIP-6-0088P24 RSC

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

mere denials and the truth of factual allegations are irrelevant at this stage of the case; as explained by the Court:

> Defendant's motion merely denies liability. However, the truth of factual allegations at the motion to dismiss phase is irrelevant. *Ashcroft v. Iqbal*, 556 U.S. 662, 695 (2009) ("Twombly does not require a court at the motion-to-dismiss stage to consider whether the factual allegations are probably true. We made it clear, on the contrary, that a court must take the allegations as true, no matter how skeptical the court may be."). Thus, defendant Wilson's denial of having infringed plaintiff's copyright is not a valid basis to dismiss the claim at this stage, as opposed to a motion for summary judgment pursuant to Rule 56.

*Cobbler Nevada v. Hamilton*, 15-cv-1616 (Dkt. 84) (July 28, 2016).

A. **THE NINTH CIRCUIT'S *COBBLER* DECISION DID NOT CHANGE THE STANDARD FOR DISMISSAL**

The Ninth Circuit's decision in *Cobbler* did not change this standard. Consistent with this standard, the Court ruled that a person's status as the registered subscriber of an Internet Protocol ("IP") address used for infringement, "**standing alone**, does not create a reasonable inference that he is also the infringer." *Cobber*, 902 F.2d at 1145 (emphasis added). Rather, a plaintiff must allege "**something more** to create a reasonable inference that a subscriber is also an infringer." *Id*. (emphasis added) The *Cobbler* Court quoted the well-known *Twombly/Iqbal* standard, explaining that a complaint must at least cross the "line between possibility and plausibility." *Id*. at 1147.

In *Cobbler*, the only facts asserted in Plaintiff's complaint in support of its direct infringement claim were that Gonzales was "the subscriber of the IP address used to download or distribute the movie, and that he was sent notices of infringing activity to which he did not respond." *Cobber*, 901 F.3d at 1146. Plaintiff's counsel acknowledged that the physical location for the Internet service was an adult care home accessible to both residents and visitors, and that defendant was not "a regular occupant of the residence or the likely infringer." *Id.* at 1145. In light of such limited factual allegations and admissions, the Court had no trouble concluding that this is a situation "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, . . . stop[ping] short of the line between possibility and plausibility of entitlement to relief." *Iqbal*,

RESPONSE TO SHOW CAUSE ORDER - 4
INIP-6-0088P24 RSC

LOWE GRAHAM JONES_PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

556 U.S. at 678, because the allegations are not "enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. 555.

2. **PLAINTIFF HAS ALLEGED "SOMETHING MORE" AS REQUIRED UNDER *TWOMBLY/IQBAL***

To state a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991). In marked contrast to *Cobbler*, Plaintiff alleged both in its complaint. While Plaintiff alleged that each Defendants is the registered subscriber of the infringing IP address, (Dkt. 17 ¶ 10), that allegation does not "stand alone." Instead, Plaintiff alleges "something more to create a reasonable inference" that each Defendant is not only the subscriber, but also the infringer, including the following:

- The "IP address was observed infringing Plaintiff's motion picture" at the time the infringement captures were made (Id. ¶¶ 17-34).

Taken as true, this allegation states that "copying of constituent elements" of the motion picture occurred via the IP address assigned to each Defendant at the time infringement was observed. In addition, several allegations are directed to showing the "plausibility," if not "probability," that Defendant is the responsible party.

The following allegations create the strong inference that the infringer is a resident of the household.

- The "IP address has been observed associated with significant BitTorrent activity and with the exchange of multiple other titles on peer-to-peer networks apart from but in some instances close in time to that of motion picture in this case." (Id. ¶ 12)

Taken as true, this allegation means there was a pattern of observed infringement of other media via the IP address assigned to each Defendant over a period of time that strongly suggests that the infringer is a "regular occupant of the residence"—not a guest or transitory resident. This is in contrast to the allegations in *Cobbler*, where the location of the IP address was an adult care home accessible to both residents and visitors, and that defendant was not a regular occupant of the residence.

RESPONSE TO SHOW CAUSE ORDER - 5

INIP-6-0088P24 RSC

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

- Addressing mapping and country records were investigated to confirm ownership/rental status and where available physical layout of house and neighborhood. (Id. at ¶ 14)

- The physical location and layout of Defendant's residence makes it unlikely that his IP address was accessed or hijacked by a neighbor or passerby (Id. ¶ 14)

- "[G]iven the standard security measures imposed by the ISP to prevent unauthorized use of an IP address, the volume of piracy demonstrated over the extended observation period could not be the result of someone driving by, a temporary houseguest or a hacker sitting in a car on the street." (Id.)

Taken as true, these allegations further confirm that (1) Defendant subscriber is the owner of the residence, (2) that the location is a private residence (again different from the adult care home in *Cobbler*), and (3) that the physical layout and location and standard security measures imposed by the ISP makes it unlikely that the IP address was "accessed or hijacked by a neighbor or passerby," and conversely making it more much more likely that the infringer is a "regular occupant of the residence."

The following allegations create the strong inference that within the household, the infringer is as likely or more likely to be Defendant, the subscriber, than others.

- "[A]ny user of the IP address would likely have been aware of the bandwidth devoted to this activity through general service slowdown throughout the observed period of activity as residential data services typically have limited capacity." (Id. ¶ 12)

Taken as true, this allegation suggests that the infringer is more likely to be Defendant, the subscriber, given that the bandwidth devoted to this level of sustained BitTorrent activity is likely to result in noticeable slowdown as residential data services typically have limited capacity.

- Materials downloaded is more likely to be of interest to an adult with more mature, distinct tastes, than a child. (Id.)

Taken as true, this allegation suggests that each Defendant, the subscriber and an adult within the household, is more likely to be the infringer than other residents such as children.

At this pleading stage of the case, Plaintiff is not required to **prove** that each Defendant is the person at the residence responsible for the infringement. *Stanislaus Food Prods. Co. v. USS-*

RESPONSE TO SHOW CAUSE ORDER - 6

INIP-6-0088P24 RSC

LOWE GRAHAM JONES<sub>PLLC</sub>

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*POSCO Indus.*, 782 F. Supp. 2d 1059, 1074 (E.D. Cal. 2011) ("*Twombly* does not require that plaintiff prove their case or include every factual detail in support of their claims in their complaints.") Indeed, to require this at the pleading stage would effectively preclude federal copyright holders from enforcing their rights against undisputed evidence of infringement. Instead, Plaintiff need only allege "***something more*** to create a reasonable inference that a subscriber is also an infringer," *Cobber*, 902 F.2d at 1145 (emphasis added).

Here, Plaintiff pleads facts that clearly "[cross] the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678, because the allegations "raise a right to relief above a speculative level." *Twombly*, 550 U.S. 555. They provide fair notice of the infringed copyright and how the unauthorized copying occurred, including the person likely to be responsible. Plaintiff's infringement claim is therefore "plausible on its face," and readily passes the *Twombly/Iqbal* standard for notice pleading. Even if the Court still maintains questions of its own, the Supreme Court has confirmed that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556.

Applying this same Supreme Court standard, these same pleading allegations have been found adequate to state a claim in other cases in this jurisdiction. *See Cook Productions v. Swanicke*, 16-cv-1844TSZ (Dkt. 68) (August 24, 2017), pp. 1-2:

> the Court finds that plaintiff has adequately alleged that defendant Swanicke copied elements of the copyrighted work. Plaintiff alleges that Comcast assigned a distinct IP address to defendant Swanicke, that defendant Swanicke's IP address 'was observed infringing on plaintiff's motion picture' on a certain date and time; that the 'physical make up and layout' of defendant Swanicke's residence and the security measures taken by Comcast make it unlikely that the IP address was hijacked by others; and that the persistent nature of the infringing activity would have diminished the bandwidth of defendant Swanicke's internet connection such that he would likely have been aware that it was occurring. Taking all reasonable inferences in favor of plaintiff as the nonmoving party, the fact that defendant Swanicke's IP address was observed copying Mr. Church, considered together with the other allegations in plaintiff's complaint, supports a reasonable inference that

RESPONSE TO SHOW CAUSE ORDER - 7

INIP-6-0088P24 RSC

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

defendant Swanicke engaged in the copyright infringement alleged in plaintiff's complaint.

(internal citations omitted); *see also Criminal Prod., Inc. v. Winter,* C16-1351RAJ; C16-1647RAJ (Dkt. 36) (W.D. Wash. Jun. 29, 2017); *Cobbler Nevada v. Hamilton*, 16-cv-1616TSZ (Dkt. 84) (July 28, 2016); *QOTD Film Invest., Ltd. v. Does 1-14*, C16-0371RSL (Dkt. 70) (W.D. Wash. Oct. 11, 2016); *Headhunter v. Castillo*, 17-cv-987MAT (Dkt. 61) (W.D. Wash. January 9, 2018). Thus, the pleadings plausibly establish that Defendant is responsible for the infringement, and thereby state a claim that is not amenable to dismissal.

In contrast to *Cobbler*, here the allegations are that the infringement occurred at a private residence, not an adult care home with multiple parties and visitors, and further that each Defendant was a regular occupant and for the reasons set forth above the likely infringer. The district court in *Cobbler* granted leave to the plaintiff to conduct discovery, including a deposition of the defendant. In contrast, no discovery has yet been allowed in these cases. In *Cobber*,

> [t]he only facts in support of Cobbler Nevada's direct infringement claim were that Gonzales was 'the subscriber of the IP address used to download or distribute the movie, and that he was sent notices of infringing activity to which he did not respond.'

In contrast, as noted above, Plaintiff alleged a number of facts beyond those provided in *Cobber*, which must be taken as true. (See, e.g., Dkt. 17 ¶¶ 10, 12, 14, 17-34) Finally, unlike in *Cobber* where the plaintiff's "acknowledged that its independent investigation did not permit identification of 'a specific party that is likely to be the infringer,'" *Cobber*, 901 F.3d at 1147, here Plaintiff's independent investigation and allegations—albeit thus far unaided by discovery—permits identification of the specific party, each Defendant, that is likely to be an infringer.

## CONCLUSION

Plaintiff's amended complaint "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Cobbler*, 901 F.3d at 1147. Plaintiff respectfully submits that it has pled much more than was found inadequate in *Cobbler*, and more than met the *Twombly/Iqbal* standard of showing "more than

RESPONSE TO SHOW CAUSE ORDER - 8
INIP-6-0088P24 RSC

LOWE GRAHAM JONES ₚₗₗc
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Plaintiff should be entitled to prove its case and have its day in Court on this important federal copyright infringement claim. For the reason set forth above and in Plaintiff's response to the earlier Show Cause Orders, Plaintiff should be allowed to continue prosecution against Defendants that have or will answer and to pursue entry of default and default judgment against those who fail to timely answer or otherwise participate in these proceedings.

RESPECTFULLY SUBMITTED November 16, 2018.

                                              s/David A. Lowe, WSBA No. 24,453
                                              Lowe@LoweGrahamJones.com
                                              LOWE GRAHAM JONES<sup>PLLC</sup>
                                              701 Fifth Avenue, Suite 4800
                                              Seattle, WA 98104
                                              T: 206.381.3300
                                              F: 206.381.3301

                                              Attorneys for Plaintiff

RESPONSE TO SHOW CAUSE ORDER - 9

INIP-6-0088P24 RSC

LOWE GRAHAM JONES<sub>PLLC</sub>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system, and via U.S. Mail to the last known address of each Defendant not represented.

s/ David A. Lowe

RESPONSE TO SHOW CAUSE ORDER - 10
INIP-6-0088P24 RSC

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301